IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## RONALD SHIPLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-20303     Joseph B. Dailey, Judge**

---

**No. W2000-00434-CCA-R3-PC - Filed July 13, 2001**

---

The petitioner was originally convicted by a Shelby County jury of rape of a child. The conviction was affirmed on direct appeal. The petitioner sought post-conviction relief, which was denied by the post-conviction court. In this appeal as a matter of right, the petitioner contends that his trial counsel provided ineffective assistance of counsel. After a thorough review of the record, we conclude that the trial court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, Sp. J., joined.

Robert B. Gaia, Memphis, Tennessee, for the appellant, Ronald Shipley.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy P. Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner contends his trial counsel was ineffective by failing to obtain employment records of the child victim's mother which would reveal that the mother had a history of making unfounded complaints of sexual misconduct. We respectfully disagree.

## BACKGROUND

The petitioner was convicted of rape of a child, the child being his three-year old niece. The petitioner's conviction was affirmed on direct appeal. *See* <u>State v. Ronald Shipley</u>, C.C.A. No.

02C01-9601-CR-00031, 1997 WL 21190 (Tenn. Crim. App. filed January 22, 1997, at Jackson), *perm. to app. denied* (Tenn. 1997).

At the post-conviction hearing, the petitioner testified that his trial counsel was deficient because he failed to procure employment records that would show the victim's mother had previously made false complaints of sexual misconduct. The petitioner explained that part of his defense was that the mother was "out to get" him. The petitioner further testified that he informed his attorney of the mother's false complaints about two weeks prior to trial.

Bradley S. Tisdale, the petitioner's trial counsel, testified that the petitioner failed to give him sufficient information to issue subpoenas until within ten days prior to trial. Since he was unable to issue subpoenas within ten days of trial, Tisdale testified that he moved for a continuance to give him time to procure the records. The trial judge denied his motion and held that the records were irrelevant, and even if he had the records, he would not be allowed to place them into evidence or use them in the cross-examination of the victim's mother.

On direct appeal, this court addressed this issue. We concluded the trial court did not err in disallowing cross-examination as to the alleged prior history of false complaints. Shipley, 1997 WL 21190, at *5. We also concluded that such evidence, even if admitted, would not have changed the results of the trial. *Id*.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

**B.  Post-Conviction Court's Findings**

The post-conviction court entered detailed written findings.  It concluded that trial counsel was informed of the employment records only ten days prior to trial, and trial counsel's attempt to secure a continuance of the trial date was proper and reasonable.  The post-conviction court also noted that this court upheld the trial court's disallowance of such testimony.  The post-conviction court concluded that petitioner had failed to establish ineffective assistance of counsel.

**C.  Analysis**

The evidence does not preponderate against the post-conviction court's findings.  The record reveals that the petitioner's trial counsel acted diligently and reasonably in the pursuit of the employment records.  The petitioner failed to prove that trial counsel's performance was deficient.

Furthermore, we conclude that the petitioner failed to prove prejudice by trial counsel's alleged deficient actions.  On direct appeal, the petitioner contested the trial court's evidentiary ruling disallowing cross-examination of the victim's mother concerning alleged false claims.  This court found that the trial court's ruling was well within its discretion and further concluded that the excluded evidence would not have changed the results of the trial.  Shipley, 1997 WL 21190, at *5.  Additionally, the petitioner has failed to reference in his brief any particular portion of the employment records relevant to this issue.  An issue is waived if the party fails to make appropriate references to the record.  Tenn. Crim. App. Rule 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); *see also* Tenn. R. App. P. 27(a)(7) and (g).  Regardless, the petitioner has failed to prove that he was prejudiced by the failure of trial counsel to procure these employment records.

## CONCLUSION

We conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel.  Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE